IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WARREN YOSHIMOTO, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ALASKA AIRLINES, INC. and ALASKA AIR GROUP, INC.,<br><br>Defendants. | Case No. 24-cv-00173-DKW-WRP<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE JUGDMENT, FOR RECONSIDERATION OF THE COURT'S AUGUST 12, 2024 ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT[1]** |

On August 18, 2024, Plaintiffs Warren Yoshimoto, Sean Kettley, and Kristen Barroga moved to set aside judgment, for reconsideration of this Court's August 12, 2024 Order dismissing this case for lack of Article III standing ("August 12, 2024 Order"), and for leave to file an amended complaint.[2] Dkt. No. 47. Therein, Plaintiffs primarily assert that the Court manifestly erred by dismissing their Complaint without leave to amend when "Plaintiffs have Article III standing; and, if allowed to amend their Complaint, Plaintiffs would have sufficiently alleged and later proven Article III standing." Dkt. No. 47-1 at 1.

---

[1] Pursuant to Local Rule 7.1(d), the Court finds this matter suitable for disposition without a hearing.

[2] The Court's August 12, 2024 Order applied to all Plaintiffs, including Yoshimoto, Kettley, and Barroga as well as Carolyn Fjord, Don Freeland, Don Fry, Bill Rubinsohn, and Clyde D. Stensrud. *See* Dkt. No. 45. However, Plaintiffs now seek to move forward with only Yoshimoto, Kettley, and Barroga. *See* Dkt. No. 47-1 at 1 ("If leave to amend is granted, the Hawai'i Plaintiffs will be the only Plaintiffs in the Amended Complaint.").

Such argument, however, is little more than a poorly disguised effort to relitigate standing with additional evidence never presented to the Court at the time of the August 12, 2024 Order. Accordingly, the motion, Dkt. No. 47, is DENIED as more fully explained below.

## FACTUAL & PROCEDURAL BACKGROUND[3]

On August 12, 2024, the Court granted Defendants Alaska Airlines and Alaska Air Group's (collectively "Alaska") motion to dismiss, finding that Plaintiffs had failed to adequately allege Article III standing. Dkt. No. 45. In particular and as relevant here, the Court found that Plaintiffs' bare assertions of threatened harm from Alaska's then-impending merger with Hawaiian Airlines were insufficient to constitute the kind of concrete and particularized injury in fact that Article III requires. *See id.* at 7–12. In addition, the Court denied leave to amend, noting that Plaintiffs' attempt to preview additional factual allegations in their brief in opposition and failure to request leave to amend indicated that any such amendment would be futile. *Id.* at 13.

On August 18, 2024, Plaintiffs filed the instant motion to set aside judgment, for reconsideration of the August 12, 2024 Order, and for leave to file an amended

---

[3]The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, only sets forth the background necessary for an understanding of the instant issues. More background is provided in the August 12, 2024 Order, Dkt. No. 45 at 2–4, and will not be repeated here.

- 2 -

complaint. Dkt. No. 47. Pursuant to Local Rule 60.1, on August 19, 2024, the Court permitted Alaska to file an optional response. Dkt. No. 48. Alaska did so on August 30, 2024, Dkt. No. 51, and this Order now follows.

## STANDARD OF REVIEW

Pursuant to Local Rule 60.1, a motion for reconsideration of a case-dispositive order, filed within 28 days of the entry of judgment, is construed under Federal Rule of Civil Procedure 59(e).[4] Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc., v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks and citation omitted). As such, it is generally only appropriate:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Each one of these "four reasons . . . is a 'high hurdle' that should not occur 'absent highly unusual circumstances.'" *Chang v. Straub Clinic & Hosp., Inc.*,

---

[4] Although Plaintiffs bring their motion under Federal Rule of Civil Procedure 60(b), it is more properly considered under Rule 59(e), as it was filed a mere six days after entry of judgment. *See* Dkt. No. 47-1 at 5; Fed. R. Civ. P. 59(e). Nevertheless, because "[t]he standards for reconsideration under Rules 59(e) and 60(b) are substantially similar," the outcome under either rule would be the same. *See McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *1 n.2 (D. Haw. Dec. 19, 2018).

2014 WL 712613, at *1 (D. Haw. Feb. 21, 2014) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)).  In addition to being disfavored, *see* LR. 60.1, motions for reconsideration are "committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## **DISCUSSION**

Plaintiffs seek reconsideration of the Court's August 12, 2024 Order on a single ground—that judgment was based on a "manifest error of law or fact." Dkt. No. 47 at 1.  To establish such an error, Plaintiffs must show that it was "plain and indisputable" such that it "amounts to a complete disregard of the controlling law or the credible evidence in the record." *Noetzel v. Hawaii Medical Serv. Ass'n*, 2016 WL 4033099, at *2 (D. Haw. July 27, 2016) (quoting *Black's Law Dictionary*, 660 (10th ed. 2014)).

Here, Plaintiffs cannot point to *any* error—manifest or otherwise. Principally, Plaintiffs appear to take issue with the fact that "the Court looked only at the Complaint and Plaintiffs' Opposition Memorandum to Alaska's motion in making a final determination that Plaintiffs lacked standing and that an amendment would be futile."[5]  Dkt. No. 47-1 at 6.  Such filings, however, contained the *only*

---

[5]Much of Plaintiffs' motion for reconsideration is dedicated to arguments that they had hoped to raise in a motion for a temporary restraining order before the Court dismissed the case.  *See* Dkt.

- 4 -

factual allegations that Plaintiffs had presented to the Court at the time of the August 12, 2024 Order. Put differently, it is entirely unclear how the Court's failure to consider evidence *not before it* at the time it rendered its decision can be erroneous in any way, let alone constitute a complete disregard of the controlling law or credible evidence in the record.[6]  *See Stucky v. Hawaii, Dep't of Educ.*, 2008 WL 1959738, at *3 (D. Haw. May 6, 2008) ("The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment." (quotation marks and citation omitted)). Rather, it appears Plaintiffs are simply dissatisfied with the Court's decision and wish for a second bite at the apple.[7]  *See* Dkt. No. 47-1 at 7–12 (arguing, based on new declarations, that Kettley, Barroga, and Yoshimoto have Article III standing). This they may not do. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2005) ("Rule 59(e) . . .

---

No. 47-1 at 16–20; Dkt. No. 47-6.  These TRO merits arguments are entirely irrelevant to reconsideration.  *See* Dkt. Nos. 49 & 50.

[6]Moreover, in denying leave to amend, the Court considered not only Plaintiffs' additional proposed factual allegations, but also the fact that, despite being represented, Plaintiffs never asked for leave to amend—whether through a separate motion or otherwise.  *See* Dkt. No. 45 at 13; Dkt. No. 47-1 at 6–7; *see also Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021) (concluding that "[t]he district court did not abuse its discretion in dismissing the complaint without leave to amend because [plaintiff] never asked to amend, and if it had, amendment would have been futile.").

[7]Indeed, it is notable that despite having multiple opportunities to amend their Complaint prior to the August 12, 2024 Order, Plaintiffs only seek to do so now, *after* the entry of judgment against them.  *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting amendment as of right following a motion to dismiss under Rule 12(b)); LR 7.8 (requiring parties to confer prior to filing a motion to discuss any potential resolution); Dkt. No. 45 at 13 (noting Plaintiffs never requested leave to amend).

may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (quotation marks and citation omitted)); *Hawaii Stevedores, Inc. v. HT&T Co.*, 363 F. Supp. 2d 1253, 1269–70 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

As such, to the extent any error exists, it lies with Plaintiffs *alone* who failed not once, but twice, to identify sufficient facts to establish Article III standing, facts within their control. That they did not do so is tacitly acknowledged by their attempt to offer supplemental factual declarations on reconsideration. Because Plaintiffs have presented no legitimate grounds for reconsideration, their motion, Dkt. No. 47, is DENIED.[8]

---

[8] Beyond their substantive arguments, Plaintiffs also contend that the Court "erred in vacating the hearing on the prior motion" because "no dispositive motion, made pursuant to Rule 12 of the Federal Rules of Civil Procedure, may be submitted until after oral argument has been completed, just as is traditionally done in jury trials, arguments before the Courts of Appeals and arguments before the Supreme Court." Dkt. No. 47-1 at 14. In fact, according to Plaintiffs, the Due Process Clause of the Fifth Amendment "demands nothing less." *See id.* at 15–16. Such argument, however, is frivolous. As an initial matter, the Constitution's due process protections apply only where there is a risk of erroneous deprivation of a life, liberty, or property interest—none of which Plaintiffs identify here. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–71 (1972); *see also* Dkt. No. 47 at 7–12 (dismissing for lack of concrete and particularized injury). Even if such an interest had been identified, "the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised." *See Fed. Commc'ns Comm'n v. WJR, The Goodwill Station*, 337 U.S. 265, 274–75 (1949); *see also* LR 7.1(c) (providing that "[u]nless specifically required, the court may decide *all matters*, including motions, petitions, and appeals, without a hearing." (emphasis added)); *Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 832 n.6 (collecting Ninth Circuit cases). Indeed, Plaintiffs' counsel should be *well aware* of that, given that both the Northern District of California and the Ninth Circuit recently reminded them of these principles in another case. *See D'Augusta v. Am. Petroleum Inst.*, No. 22-cv-01979-JSW, Dkt. No. 122 at 2 (N.D. Cal. Mar. 16, 2023) ("The Federal Rules, the . . . Local

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs' Motion to Set Aside Judgment, for Reconsideration of the Court's August 12, 2024 Order and for Leave to File Amended Complaint, Dkt. No. 47, is DENIED.

IT IS SO ORDERED.

DATED: October 21, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

<u>Warren Yoshimoto et al v Alaska Airlines, et al;</u> Civ No. 24-00173 DKW-WRP;
**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE JUGDMENT, FOR RECONSIDERATION OF THE COURT'S AUGUST 12, 2024 ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT**

---

Rules, and binding Ninth Circuit precedent all provide that it is entirely within the district court's discretion whether to hold oral argument on any particular motion"); *D'Augusta v. Am. Petroleum Inst.*, – F.4th –, 2024 WL 4195329, at *8 (9th Cir. 2024) ("We have repeatedly held that granting a motion without oral argument is not a denial of due process.").